UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL S. GREEN, | : | Case No. 2:24-cv-3459 |
| | : | |
| Plaintiff, | : | |
| | : | District Judge James L. Graham |
| vs. | : | Magistrate Judge Elizabeth P. Deavers |
| | : | |
| EILEEN PALEY, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER AND**
**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner housed at the Franklin County Correctional Center, has filed a civil rights action alleging violations of the United States Constitution[1] and Ohio State law. (Doc. 1). By separate Order, the Court has granted Plaintiff leave to proceed *in forma pauperis*.

This matter is now before the Court for a *sua sponte* review of the Complaint to determine whether the Complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a Defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

---

[1]The Court understands Plaintiff's constitutional claims to be brought under 42 U.S.C. § 1983. *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 624 (1979) (Powell, J., concurring) ("Section 1983 provides a private cause of action for the deprivation, under color of state law, of 'rights . . . secured by the Constitution and laws.' ") (footnote omitted). The Court also understands Plaintiff to be bringing civil rights conspiracy claims, which the Court will consider under both 42 U.S.lC. §§ 1983 and 1985.

**Screening of the Complaint**

**I.     Initial Screening Standard**

Because Plaintiff is proceeding *in forma pauperis*, the Court is required to conduct an initial screening of his Complaint.  28 U.S.C. § 1915(e)(2).  The Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable *legal* basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke*, 490 U.S. at 327.  An action has no arguable *factual* basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

A complaint must also be dismissed if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1).  To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Court must construe the complaint in the plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a

claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is also required to construe a pro se complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f) [now (e)]). Even with such a liberal construction, a pro se complaint must still adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

**II.    Allegations**

Plaintiff alleges that his civil rights are being violated in a state criminal case—No. 23 CR 2927—currently pending in the Franklin County Court of Common Pleas, where he faces charges of strangulation or suffocation, in violation of Ohio Rev. Code § 2903.18, and domestic violence, in violation of Ohio Rev. Code § 2919.25.[2] Plaintiff brings his claims against Franklin

---

[2]In his Complaint, Plaintiff provides only the court in which he has been charged. (*See generally* Doc. 1). The case number is taken from Plaintiff's related 28 U.S.C. § 2241 habeas corpus action. *See Green v. Paley, et al.,* No. 2:24-cv-3236 (S.D. Ohio) (Doc. 1). The nature of the charges is taken from the Franklin County Court of Common Pleas website. Viewed at

3

County Court of Common Pleas Judges Eileen Paley and Bill A. Sperlazza, former appointed defense counsel Gary Salter and Sean Thivener, and Franklin County Assistant Prosecuting Attorney Trenten[3] Grohe.  (Doc. 1).

Plaintiff alleges that Defendant Salter, his former appointed counsel, failed to follow Plaintiff's choices in handling the case.  Plaintiff alleges that, as a result, "an indictment enhance[ed] a misdemeanor into a felony."  (Doc. 1, at PageID 5).  According to Plaintiff, Salter realized his mistake and tried to have the indictment rescinded.  (*Id.*).  Plaintiff alleges that, when he "expose[d]" Salter's alleged ineffectiveness, Judge Paley, the then-presiding judge, sent Plaintiff outside of the courtroom and held a sidebar.  (*Id.*).  Plaintiff asserts that when Judge Paley reconvened the proceedings, she told Plaintiff that he could appeal the indictment.  (Doc. 1, at PageID 6).

Plaintiff alleges that Defendant Thivener was then appointed to represent him[4] and was supposed to assist Plaintiff in filing the appeal.  (*Id.*).  Plaintiff alleges, however, that Thivener refused, at the direction of his supervisor, who is not named as a defendant, to obtain the transcript and told Plaintiff that he did not "hav[e] the right to appeal."  (*Id.*).  Plaintiff alleges that he "now know[s]" that Thivener "also failed to file multiple motions on [his] part like a motion to suppress[.]"  (*Id.*).

Plaintiff also alleges that he has "on numerous occasions tried to be present in open court only to have Mr. Thivener fraudulently waive [Plaintiff's] right to speedy trial."  (Doc. 1, at

---

https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/caseSearch?hwXAEySFUx7nEmzPwNcz under Plaintiff's name and Case No. 23 CR 2927.  This Court may take judicial notice of court records that are available online to members of the public.  *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004).
[3]In his Complaint, Plaintiff mistakenly spells this Defendant's first name "Trenton."  (Doc. 1, at PageID 1).  Filings in Plaintiff's Franklin County case reveal that the correct spelling is "Trenten" Grohe.  The **Clerk of Court** is **DIRECTED** to update the docket record to reflect this change.
[4]Filings in Plaintiff's Franklin County case reveal that Defendant Thivener withdrew as counsel on March 6, 2024, and the trial court appointed Plaintiff's current attorney, Stephen Wolfe, who is not named as a defendant in this matter.

4

PageID 6). Plaintiff further alleges that he has been held in Jail in lieu of bond the entirety of his pretrial detention. (*Id.*). Plaintiff claims that the "trial court[]" and Defendant Franklin County Assistant Prosecuting Attorney Grohe[5] have denied him his "Sixth Amendment right to face [his] accuser on numerous occasions" and have denied him the right to be present at depositions. (*Id.*).

Plaintiff alleges that on February 28, 2024, Defendant Judge Sperlazza, who is now presiding over Plaintiff's case, refused to allow Plaintiff to inform him that his right to a speedy trial had been violated. (Doc. 1, at PageID 7). Plaintiff states that Defendant Thivener "took it upon himself off the record to violate attorney-client privilege and reveal to Judge Sperlazza his own rendition of what was supposed to be for [Plaintiff] to be on the record . . . therefore creating a bias and not allowing [Plaintiff] to be on the record as [Plaintiff] should have been." (*Id.*).

Plaintiff claims that his speedy trial rights have been violated since February 7, 2024, "when the complete violation of (284) two-hundred eighty-four days took effect," and that the criminal proceedings have "cost [him] not only [his] freedom but also his livelihood and so much more." (Doc. 1, at PageID 7).[6] He alleges, without elaboration, that the Defendants are delaying his trial "for monetary gain and furthering their career" (*id.*, at PageID 8), and that "[t]he Franklin County Court of Common Pleas has not done this singularly, but on numerous occasions to numerous defendants." (*Id.* at PageID 7).

For relief, Plaintiff seeks "freedom from pretrial detention" and money damages. (Doc. 1, at PageID 5).

---

[5]Filings in Plaintiff's Franklin County case reveal that a substitution of counsel was filed on February 26, 2024, and that Franklin County Assistant Prosecuting Attorney Madeline F. Holvey is now assigned to Plaintiff's case.
[6]It appears from the trial court docket that Plaintiff's case is set for trial on January 6, 2025.

### III. Analysis

Liberally construing the above allegations, *see Erickson*, 551 U.S. at 94, the Court understands Plaintiff to assert the following claims: (1) violation of the Sixth Amendment to the United States Constitution under § 1983 for the alleged denial of his right to a speedy trial and his right to the effective assistance of counsel; (2) violation of the Fourteenth Amendment to the United States Constitution under § 1983 for alleged judicial and prosecutorial misconduct in Plaintiff's pending criminal matter; (3) conspiracy to violate Plaintiff's civil rights pursuant to §§ 1983 and 1985 for alleged monetary and personal gain; and (4) violation of the Ohio State Constitution. (Doc. 1). Plaintiff's Complaint is subject to dismissal in its entirety for the reasons below.

### Section 1983 Claims against Judges Paley and Sperlazza

Plaintiff does not state a claim for which relief can be granted against Judges Paley and Sperlazza under § 1983. To the extent Plaintiff sues these Defendants in their individual capacities, judicial officers are absolutely immune from liability. *See Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). A plaintiff can overcome the application of judicial immunity only where: 1) the judge's acts were clearly non-judicial in nature and therefore outside the scope of the judge's judicial capacity; or 2) the judge's actions were taken in the absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 12 (1991). The factors that are relevant to whether an act is judicial in nature are: 1) "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge"; and 2) "whether [the parties] dealt with the judge in his judicial capacity." *Id.*

Our sister Court in the Northern District has explained:

> A judge's acts do not become non-judicial simply because they are erroneous or "in excess of his authority"; if that were the case, then "any mistake of a judge in excess

of his authority would become a 'nonjudicial' act, because an improper or erroneous act cannot be said to be normally performed by a judge." [*Mireles*, 502 U.S.] at 12.

*Luna v. Zouhary*, No. 3:18-CV-01932, 2018 WL 5295875, at *3 (N.D. Ohio Oct. 25, 2018).

Furthermore,

An allegation of conspiracy is insufficient to defeat judicial immunity. *See Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) ("[A]llegations that a conspiracy produced a certain decision should no more pierce the actor's immunity than allegations of bad faith, personal interest or outright malevolence."); *Dorman v. Higgins*, 821 F.2d 133, 139 (2d Cir. 1987) (same).

*Id*.

The alleged actions of Judges Paley and Sperlazza arise from the adjudication of Plaintiff's state criminal case and concerns actions normally performed by a judge. As such, Judges Paley and Sperlazza are entitled to absolute judicial immunity from Plaintiff's § 1983 claims against them in their individual capacities.

To the extent that Plaintiff asserts claims against Judges Paley and Sperlazza in their official capacities, such claims are essentially claims against the Franklin County Court of Common Pleas and are barred by the Eleventh Amendment. *See Williams v. Parikh*, __ F.Supp.3d __, 2023 WL 8824845, at *3 (S.D. Ohio Dec. 21, 2023) (Cole, J.) ("For § 1983 purposes, the courts of common pleas and their employees are deemed entities under the control of the *state* government, not the county government, because they derive governmental authority directly from the Ohio Constitution.") (footnote omitted), *appeal filed*, No. 24-3059 (6th Cir. Jan. 22, 2024). Judges Paley and Sperlazza are therefore entitled to Eleventh Amendment immunity to the extent Plaintiff sues them in their official capacities.

Accordingly, Plaintiff's claims against Judges Paley and Sperlazza should be dismissed.

7

**Section 1983 Claims against Franklin County Assistant Prosecuting Attorney Grohe**

Plaintiff's allegations also fail to state a claim for relief against Franklin County Assistant Prosecuting Attorney Grohe. "Prosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'" *Manetta v. Macomb Cty. Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This includes a county prosecutor's initiation of a prosecution and presentation of the State's case at trial. *Imbler*, 424 U.S. at 431. *See also Coffey v. Vermont*, No. 2:21-CV-50, 2022 WL 1250901, at *7 (D. Vt. Mar. 2, 2022), *report and recommendation adopted,* No. 2:21-CV-00050, 2022 WL 872570 (D. Vt. Mar. 24, 2022) ("Discovery claims such as these are also barred by absolute immunity because discovery is clearly within the scope of a prosecutor's duties") (internal citations and quotation marks omitted); *Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997) (deciding to file a criminal complaint and seeking issuance of an arrest warrant are protected by absolute immunity).

Such "absolute prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously." *Lomaz v. Hennosy*, 151 F.3d 493, 498 n.7 (6th Cir. 1998) (citing *Grant*, 870 F.2d at 1138). And such absolute prosecutorial immunity "presents a complete bar" to a plaintiff's § 1983 claims for conspiracy. *Smith v. Rybek*, No. 2:11-CV-777, 2012 WL 3025102, at *4 (S.D. Ohio July 24, 2012). Accordingly, Defendant Grohe is entitled to absolute prosecutorial immunity on Plaintiff's § 1983 claims against him in his individual capacity.

Plaintiff's claims also fail against Defendant Grohe to the extent that Plaintiff sues Grohe in an official capacity.

> The Sixth Circuit has determined that city [and county] prosecutors are state actors when prosecuting violations of Ohio law. *See, e.g., Pusey* [*v. City of Youngstown*],

8

> 11 F.3d [652,] 657 [(6th Cir. 1993)] (Ohio Rev. Code §§ 1901.34(C) and 309.08 establish that city [and county] prosecutors in Ohio are state actors when prosecuting violations of Ohio law). Thus, claims against prosecutors in their official capacity are claims against the state and are barred by the Eleventh Amendment. *See id.* at 658; *see also Will v. Mich. Dep't of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (Eleventh Amendment bars § 1983 claims against the states because the state is not a "person").

*Smith*, 2012 WL 3025102, at *3–4. *See also Helfrich v. State of Ohio*, No. 2:15-CV-1646, 2016 WL 759836, at *2 (S.D. Ohio Feb. 26, 2016) ("Therefore, because the Licking County Prosecutor has acted as a state agent when prosecuting state criminal charges, the suit against him in his official capacity is to be treated as a suit against the state.") (citing *Pusey,* 11 F.3d at 657). Defendant Grohe is therefore entitled to Eleventh Amendment immunity to the extent Plaintiff sues him in his official capacity.

Accordingly, Plaintiff's claims against Defendant Grohe should be dismissed.

**Section 1983 Claims against Appointed Defense Counsel Salter and Thivener**

Nor can Plaintiff state a claim against his former appointed attorneys because they were not acting under the color of state law not acting under the color of state law within the meaning of § 1983. *Polk County v. Dodson,* 454 U.S. 312, 320-25 (1981). It is firmly established that a defense attorney, regardless of whether he is a public defender or a private attorney, is not a state actor for purposes of § 1983. *Id.* at 325 ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983.").

Additionally, while defense counsel are generally not immune from § 1983 liability for conspiracies to deprive clients of their constitutional rights, *see Tower v. Glover,* 467 U.S. 914

9

(1984), Plaintiff's vague and conclusory allegations of a conspiracy are insufficient to state a cognizable claim under 42 U.S.C. § 1983. *See Gutierrez v. Lynch,* 826 F.2d 1534, 1538–39 (6th Cir. 1987); *see also Twombly,* 550 U.S. at 555. *Cf. Horton v. Martin,* 137 F. App'x 773, 775–76 (6th Cir. 2005) (affirming dismissal of § 1983 claim against attorney who represented the plaintiff in a parole revocation hearing given the lack of any "factual support or evidence upon which a conspiracy [with state officials] could be based").

Thus, Plaintiff's § 1983 claims against Defendants Salter and Thivener should be dismissed for failure to state a claim upon which relief may be granted.

### Section 1985 Conspiracy Claim

Additionally, even liberally construing Plaintiff's Complaint to include a conspiracy claim under 42 U.S.C. § 1985, his claims are still subject to dismissal. The judicial and prosecutorial immunity principles discussed above also apply to conspiracy claims under § 1985. *See Kanu v. City of Cincinnati*, No. 1:19-CV-156, 2021 WL 779078, at *6 (S.D. Ohio Mar. 1, 2021), *report and recommendation adopted*, No. 1:19-CV-156, 2021 WL 3036722 (S.D. Ohio July 19, 2021) (county prosecutors). *See also Strickland v. Mullins*, No. 23-12687, 2023 WL 8101839, at *2 (E.D. Mich. Nov. 21, 2023) ("Judges are also entitled to such immunity from suits brought pursuant to 41 U.S.C. § 1985 . . . .").

Moreover, § 1985 prohibits conspiracies to deprive persons of certain civil rights on account of their membership in a protected class. *See* 42 U.S.C. § 1985(2), (3). Plaintiff does not allege Defendants' actions were motivated by racial animus or were class-based. Rather, Plaintiff appears to allege that Defendants' alleged interference with his right to a speedy trial and other actions were motivated by a desire for monetary gain and furthering their careers. His § 1985 claims are therefore subject to dismissal.

10

### *Younger* Abstention

Next, while the Court should dismiss this civil rights action for the reasons stated above, the Undersigned also reiterates that Plaintiff's criminal case remains ongoing in state court. (*See* n.2, *supra*). Absent extraordinary circumstances, federal courts may not interfere with pending state criminal proceedings in order to entertain constitutional challenges to the state proceedings. *Younger v. Harris,* 401 U.S. 37 (1971). Under *Younger*, the federal court must abstain where "(1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceeding will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Kelm v. Hyatt,* 44 F.3d 415, 419 (6th Cir. 1995) (citing *Nilsson v. Ruppert, Bronson & Chicarelli Co.,* 888 F.2d 452, 454 (6th Cir. 1989)). *See also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 603-05 (1975). Extraordinary circumstances barring abstention include "great and immediate" irreparable injury, state law that is "flagrantly and patently violative of express constitutional prohibitions," or "bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Younger,* 401 U.S. at 46, 53, 54. *See Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996).

All three factors supporting *Younger* abstention are present in this case. Because plaintiff's criminal case remains pending in state court, the first *Younger* factor is satisfied. Second, the criminal case implicates an important state interest as state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere. *See Younger*, 401 U.S. at 43-45. Third, there is no evidence that the state criminal proceedings cannot provide an opportunity for plaintiff to raise his constitutional claims. Regarding this factor, the federal court must presume that the state courts are able to protect the interests of a federal plaintiff. *Kelm*, 44 F.3d at 420 (citing *Pennzoil Co.*, 481 U.S. at 15). Plaintiff possess an

11

adequate opportunity to raise any constitutional issues in his pending state court action or in a subsequent appeal. Because plaintiff has failed to allege facts suggesting the existence of extraordinary circumstances barring abstention, abstention under *Younger* is appropriate.[7]

Generally, "where a plaintiff brings § 1983 claims for damages in federal court but the federal court finds that *Younger* applies, federal courts . . . favor a stay of the federal proceedings over dismissal." *Carter v. Tennessee Dep't of Children's Servs.*, No. 3:22-CV-00247, 2023 WL 2027804, at *6 (M.D. Tenn. Feb. 15, 2023) (citing cases). Here, however, a stay under *Younger* would be inappropriate, as Plaintiff's claims are otherwise subject to dismissal for the reasons stated herein. *See Wheat v. Pub. Defs. Off.,* No. 5:15-CV-0294, 2015 WL 4877236, at *2 (M.D. Ga. Aug. 14, 2015) (citing cases).

**Allegations against the Office of the Public Defender and the Franklin County Court of Common Pleas**

Finally, Plaintiff includes allegations against the Defendant Thivener's supervisor in the Public Defender's Office and the Franklin County Court of Common Pleas. (*See* Doc. 1, at PageID 6-7). Because neither Thivener's supervisor nor the Franklin County Court of Common Pleas is named as a Defendant in this case, the Undersigned need not analyze Plaintiff's statements with respect to these non-defendants.

However, for the same reason that Thivener is not a proper party defendant, his supervisor is likewise not a proper party defendant. *See Ray v. State Pub. Defs. Off.*, No. 3:15-CV-0072, 2015 WL 500181, at *2 (M.D. Tenn. Feb. 3, 2015) ("The complaint therefore fails to state a claim against attorney Engle or the public defender's office."). Further, as noted above,

---

[7] To the extent Plaintiff asserts a claim for violation of his right to a speedy trial, relief for such a violation would be available only through a habeas petition under 28 U.S.C. § 2241, and only after he exhausted his available state remedies. *See Williams v. Kentucky*, No. 5:20-CV-450-GFVT, 2020 WL 7249033, at *2 (E.D. Ky. Dec. 9, 2020). As noted above in footnote 2, Plaintiff has filed a separate § 2241 action in this Court.

"for § 1983 purposes, the courts of common pleas . . . are deemed entities under the control of the *state* government, not the county government, because they derive governmental authority directly from the Ohio Constitution." *Williams*, 2023 WL 8824845, at *3. Any claim against the Franklin County Court of Common Pleas would therefore be barred by the Eleventh Amendment.

As such, any purported claims with respect to Thivener's supervisor or the Franklin County Court of Common Pleas should be dismissed.

### Remaining State Law Claims

Plaintiff's Complaint also includes allegations of state-law violations. (*See, e.g.,* Doc. 1, at PageID 6-7). Having recommended that the Court dismiss Plaintiff's federal claims, the Undersigned further recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's state-law claims and dismiss such claims without prejudice. *See Harper v. AutoAlliance Int'l, Inc.,* 392 F.3d 195, 210 (6th Cir. 2004) (although the exercise of supplemental jurisdiction under 28 U.S.C. § 1367 is a matter of discretion, when a court dismisses all federal claims before trial, it generally should dismiss the state law claims as well).

Accordingly, in sum, the Undersigned **RECOMMENDS** that the Court **DISMISS with prejudice** Plaintiff's federal claims against Defendants for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). Further, having recommended that the Court dismiss Plaintiff's federal claims, the Undersigned further **RECOMMENDS** that the Court decline to exercise supplemental jurisdiction over Plaintiff's state-law claims and **DISMISS** such claims **WITHOUT PREJUDICE**. *See Harper,* 392 F.3d at 210.

**IT IS THEREFORE ORDERED THAT:**

The **Clerk of Court** is **DIRECTED** to update the docket record to reflect the proper spelling of Defendant Trenton Grohe's first name as Trenten.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Court **DISMISS** Plaintiff's federal claims pursuant to 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2) because Plaintiff has failed to state a claim upon which relief may be granted.

2. The Court **DECLINE to exercise supplemental jurisdiction** over Plaintiff's remaining state-law claims and **DISMISS** such claims **without prejudice**.

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v.* 114 F.3d 601 (6th Cir. 1997).

**PROCEDURE ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


August 21, 2024                                        *s/ Elizabeth A. Preston Deavers*
                                                                Elizabeth A. Preston Deavers
                                                                United States Magistrate Judge